COPY

1  Daniel L. Goodkin (SBN 131347)
   E-mail: dgoodkin@goodkinlynch.com
2  Marshal P. Wilke (SBN 265474)
   E-mail: mwilke@goodkinlynch.com
3  **GOODKIN & LYNCH LLP**
   1875 Century Park East, Suite 1860
4  Los Angeles, California 90067
   Telephone: (310) 552-3322
5  Facsimile: (310) 943-1589

6  Philip Jones (Illinois Bar Number 6217213; *pro hac vice pending*)
   E-mail: pjones@brinkshofer.com
7  Andrew J. Avsec (Illinois Bar Number 6292313; *pro hac vice pending*)
   E-mail: AAvsec@brinkshofer.com
8  **BRINKS HOFER GILSON & LIONE**
   NBC Tower - Suite 3600
9  455 N. Cityfront Plaza Drive
   Chicago, Illinois 60611
10 Telephone: (312) 321-4200
   Facsimile: (312) 321-4299

11

12 Attorneys for Plaintiffs GRUPO BIMBO S.A. B. DE C.V.; and BARCEL USA, LLC

13             **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15             **CENTRAL DIVISION**   CV13- 02147 ABC (VBKx)

| | |
|---|---|
| 16 GRUPO BIMBO, S.A. B. DE C.V.; and BARCEL USA, LLC, | **COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION FOR:** |
| 18 Plaintiff, | |
| 19 vs. | 1. **FEDERAL TRADE DRESS INFRINGEMENT – PACKAGING;** |
| 20 SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST | 2. **FEDERAL TRADEMARK INFRINGEMENT – TRADEMARK;** |
| 21 Defendants. | 3. **FEDERAL TRADE DRESS INFRINGEMENT – PRODUCT CONFIGURATION;** |
| 22 | 4. **FEDERAL UNFAIR COMPETITION, FEDERAL PASSING OFF AND FALSE DESIGNATION OF ORIGIN;** |
| 24 | 5. **CALIFORNIA UNFAIR COMPETITION; and** |
| 25 | 6. **CALIFORNIA COMMON LAW OF UNFAIR COMPETITION;** |
| 26 | |
| 27 | **DEMAND FOR JURY TRIAL** |

28

1

FILED
CLERK, U.S. DISTRICT COURT
MAR 2 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

For its Complaint against Defendants SNAK-KING CORP., and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST, Plaintiffs GRUPO BIMBO, S.A. B. DE C.V. ("Grupo Bimbo") and BARCEL USA, LLC ("Barcel USA") allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and related state law claims as hereinafter more fully appear.  Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391.  Grupo Bimbo demands a trial by jury in this case.  Fed. R. Civ. P. 38.

## THE PARTIES

2.      Plaintiff Grupo Bimbo is a Mexico corporation, with its principal place of business in Mexico City, Mexico.  Products manufactured and sold by Grupo Bimbo subsidiaries are for sale in this District.  Grupo Bimbo is doing business in this District.

3.      Plaintiff Barcel USA is a Texas limited liability company, with its principal place of business in Coppell, Texas.  Products manufactured and sold by Barcel USA are for sale in this District.  Barcel USA is doing business in this District.

4.      Defendant SNAK-KING, CORP. ("Snak-King"), upon information and belief, is a Delaware corporation, with a principal place of business in City of Industry, CA.  Upon information and belief, Snak-King operates its snack foods business in this District.

5.      Defendant THE TRUSTEE OF THE LEVIN FAMILY TRUST 2010 IRREVOCABLE GIFT TRUST ("Levin Trustee"), upon information and belief, has an address in City of Industry, California.  Plaintiffs are informed and believe the Levin Trustee is Barry Levin, an individual. The Levin Trustee is the owner of the

trademarks complained of herein, owns federal trademark applications for the trademarks complained of herein, and has thus exposed himself to suit alleging that his trademarks are infringing.  Grupo Bimbo has opposed in the United States Patent and Trademark Office the trademark applications for the trademarks complained of herein.

6.      Upon information and belief, the Levin Trustee works and resides in this District.  Upon information and belief, the Levin Trustee owns property based in this District.  Upon information and belief, the Levin Trustee is the Chief Executive Officer of Snak-King and is the conscious, dominant and active force behind the wrongful acts of Snak-King complained of herein, such wrongful acts being engaged in for the gain and benefit of Snak-King and the Levin Trustee.  The Levin Trustee caused and materially contributed to the unlawful actions of Defendant Snak-King, as alleged herein, and is therefore responsible and liable to Plaintiffs for such actions.

## GRUPO BIMBO AND BARCEL

7.      Starting from one plant in Mexico City in 1945, Grupo Bimbo has grown to become one of the world's largest producers of baked goods, snack foods, and confectioneries.  Through its main subsidiaries, Grupo Bimbo produces, distributes and markets approximately 10,000 different food products.   Grupo Bimbo has operations in the United States, Mexico, Latin America, Europe and Asia.  Grupo Bimbo's well-known brands include ARNOLD breads, THOMAS' English muffins, ENTENMANN'S baked goods, SARA LEE breads, and TAKIS corn snacks.

8.      Barcel, S.A. de C.V ("Barcel S.A.") has been a subsidiary of Grupo Bimbo since approximately February 1978.  The company produces snack foods and confectionery products.  Commencing in 1998, Barcel S.A. de C.V. started selling rolled corn snack products in Mexico under the trademark TAKIS ("TAKIS Mark").

9.      Barcel USA is the U.S. subsidiary of Barcel S.A. de C.V.  Barcel USA manufactures, imports, distributes and sells a range of snack foods and confectionery products in the United States, including TAKIS corn snacks.  The U.S. headquarters for Barcel USA is in Coppell, Texas.

## TAKIS CORN SNACKS

10.     Grupo Bimbo's TAKIS corn snacks are one of the most popular and fastest growing snack foods in the market.  Since 2008, hundreds of millions of dollars of TAKIS corn snacks have been sold in the United States alone.  The product is a flavored corn snack rolled in a unique and distinctive shape with slanted ends.

11.     In approximately November 2000, corn snacks were first sold in the United States under the TAKIS Mark, and have been sold continuously in the United States since that time.

12.     In the U.S., sales of the TAKIS corn snacks have enjoyed a dramatic explosion over the past few years which total many millions of dollars.  Revenues of TAKIS corn snacks have grown by approximately 50% from 2006 through 2008, and are projected to have approximately quintupled from 2008 through 2012.

13.     TAKIS corn snacks are offered in several different flavors.  The most popular flavor is chili and lime, offered under the secondary mark, FUEGO.  Other flavors include spicy, offered under the secondary mark, NITRO; salsa, offered under the secondary mark, SALSA BRAVA; fajita, offered under the secondary mark, CRUNCHY FAJITA; and avocado, offered under the secondary mark, GUACAMOLE.

## THE TAKIS PRODUCT CONFIGURATION

14.     One way that consumers recognize and identify TAKIS corn snacks is by its well-known, unique and distinctive shape ("TAKIS Product Configuration").  A TAKIS corn snack is rolled with visible folds and slanted ends and is in the form

1  of a rolled taco shell.  An image of the TAKIS Product Configuration is reproduced
2  below:



### THE TAKIS MARK AND TAKIS TRADE DRESS

15.  The TAKIS corn snacks are sold in bags with a distinctive packaging or trade dress which varies with the chips' flavor.  The TAKIS packaging features prominent use of the TAKIS mark, images of the rolled corn snacks in the TAKIS Product Configuration, and a swirled design on each bag as well as other design elements.  The combination of these elements and other elements in a brightly colored bag are collectively referred to herein as the "TAKIS Trade Dress."  Images depicting variations of the TAKIS Trade Dress are attached as Exhibit A.

16.  The TAKIS FUEGO trade dress is primarily purple and black in color, shows the mark TAKIS in a stylized yellow font rising from left to right, FUEGO in purple against a yellow swoosh, an image of three distinctive rolled corn snacks lying across each other like logs engulfed in flames, and a lime ("TAKIS FUEGO Trade Dress").  For convenience, the TAKIS FUEGO Trade Dress is shown below:



17.     The TAKIS NITRO trade dress is primarily black and red in color, shows TAKIS in a stylized yellow font rising from left to right, NITRO in white against a green and yellow swoosh, an image of three distinctive rolled corn snacks, with an exploding corn snack, a lime and a yellow pepper.  ("TAKIS NITRO Trade Dress").  For convenience, the TAKIS NITRO Trade Dress is shown below:



18.     The TAKIS SALSA BRAVA trade dress is primarily yellow in color, shows TAKIS in a stylized green font rising from left to right, SALSA BRAVA in white against a red swoosh, an image of three distinctive corn snacks lying across each other, and a swirling yellow background.  ("TAKIS SALSA BRAVA Trade Dress").  For convenience, the TAKIS SALSA BRAVA Trade Dress is shown below:

19.     The TAKIS CRUNCHY FAJITA trade dress is primarily green in color, shows TAKIS in a stylized yellow font rising from left to right, CRUNCHY FAJITA in red against a yellow swoosh, an image of three corn snacks lying across

1    each other, and a swirling green background.  ("TAKIS CRUNCHY FAJITA Trade

2    Dress").  For convenience, the TAKIS CRUNCHY FAJITA Trade Dress is shown

3    below:

4

5    

6

7

8

9

10

11    20.    The TAKIS GUACAMOLE trade dress is primarily silver in color,

12   shows TAKIS in a stylized dark green font rising from left to right, GUACAMOLE

13   in dark green against a light green swoosh, an image of three corn snacks lying

14   across each other, and a swirling silver background.  ("TAKIS GUACAMOLE

15   Trade Dress").  For convenience, the TAKIS GUACAMOLE Trade Dress is shown

16   below:

17

18    

19

20

21

22

23    21.    In part because of their excellent quality, corn snacks sold under the

24   TAKIS Mark and TAKIS Trade Dress and formed in the TAKIS Product

25   Configuration have developed an invaluable and excellent reputation throughout the

26   United States.  Barcel USA, as Grupo Bimbo's licensee, has invested substantial

27   time and money in the United States promoting corn snacks under the TAKIS Mark,

28   TAKIS Trade Dress and TAKIS Product Configuration.  Through interstate

commerce, Barcel USA has developed a loyal customer base which recognizes the TAKIS Mark, the TAKIS Trade Dress and the TAKIS Product Configuration, both collectively and individually, as indicators of the source of Barcel USA's high quality corn snacks.  As a result, the TAKIS Mark, the TAKIS Trade Dress and the TAKIS Product Configuration have become, through widespread and favorable public acceptance and recognition, well-known assets of substantial and incalculable value symbolizing Grupo Bimbo, its quality snack products, and its goodwill.

22.     The TAKIS Mark and the TAKIS Trade Dress are inherently distinctive and highly recognized by the consuming public as an indicator of the source of Grupo Bimbo's products.  Alternatively, the TAKIS Mark and the TAKIS Trade Dress have both acquired distinctiveness through widespread continuous use in commerce over many years, and are also highly recognized by the consuming public as well-known indicators of the source of Grupo Bimbo's products.

23.     The TAKIS Product Configuration has acquired distinctiveness, through widespread continuous use in commerce over many years, and is also highly recognized by the consuming public as a well-known indicator of the source of Grupo Bimbo's products.

24.     In addition to being a well-known mark in the United States, due to extensive promotion and sales of TAKIS corn snacks in Mexico, the TAKIS mark has been declared famous by the Instituto Mexicano de la Propiedad Industrial, the Mexican authority charged with determining intellectual property rights.

**GRUPO BIMBO'S FEDERAL TRADEMARK REGISTRATIONS FOR THE TAKIS MARK, TAKIS TRADE DRESS AND TAKIS PRODUCT CONFIGURATION**

25.     Grupo Bimbo owns a number of federal trademark registrations for its TAKIS Mark, TAKIS Trade Dress and TAKIS Product Configuration, which, upon information and belief, issued prior to Defendants' first sale of the accused

TACOLITOS product.  Grupo Bimbo owns federal trademark registrations for the marks TAKIS, TAKIS FUEGO, TAKIS NITRO and the TAKIS logo ("TAKIS Registrations").  Copies of the TAKIS Registrations are attached as Exhibit B.  In addition, Group Bimbo's right to use the TAKIS word mark in U.S. commerce is incontestable pursuant to 15 U.S.C. § 1065.

26.    Grupo Bimbo also owns federal trademark registrations for the various forms of its TAKIS Trade Dress ("TAKIS Trade Dress Registrations").  Copies of the TAKIS Trade Dress Registrations are attached as Exhibit C.  One of the registered trade dress forms is the TAKIS FUEGO Trade Dress.

27.    Grupo Bimbo owns a federal trademark registration for the TAKIS Product Configuration ("TAKIS Product Configuration Registration").  A copy of the TAKIS Product Configuration Registration is attached as Exhibit D.   In addition, Group Bimbo's right to use the TAKIS Product Configuration in U.S. commerce is incontestable pursuant to 15 U.S.C. § 1065.

28.    Each of Grupo Bimbo's TAKIS Registrations, TAKIS Trade Dress Registrations and TAKIS Product Configuration Registration is currently valid, subsisting, and in full force and effect.  Grupo Bimbo's registration certificates for its TAKIS Registrations, TAKIS Trade Dress Registrations and TAKIS Product Configuration are *prima facie* evidence of the validity of the TAKIS Mark, TAKIS Trade Dress, and TAKIS Product Configuration, of Grupo Bimbo's ownership of the TAKIS Mark, TAKIS Trade Dress, and TAKIS Product Configuration and of Grupo Bimbo's exclusive right to use the TAKIS Mark, the TAKIS Trade Dress and the TAKIS Product Configuration in commerce in connection with the goods identified in the registration certificates.  15 U.S.C. § 1115.

29.    Pursuant to 15 U.S.C. § 1072, all defendants have constructive notice of Grupo Bimbo's claim of ownership in the TAKIS Mark, TAKIS Trade Dress and TAKIS Product Configuration.

## SNAK-KING AND THE TACO-LITOS CORN SNACKS

30.     Defendant Snak-King is a snack food manufacturer.  Upon information and belief, Snak-King sells private label snack food products as well as snack food products under its own brands.  Snak-King competes directly with Grupo Bimbo.

31.     Upon information and belief, at some point in the late fall of 2012, and subsequent to Grupo Bimbo's acquisition of rights in its TAKIS Mark, TAKIS Trade Dress and TAKIS Product Configuration, Snak-King started selling corn snacks under the name TACO-LITOS that are imitations of the TAKIS corn snacks ("TACO-LITOS Corn Snacks").

32.     The TACO-LITOS Corn Snacks are rolled corn snacks with visible folds and slanted ends which are virtually identical in shape to the TAKIS Product Configuration.  The TACO-LITOS product shape is prominently featured on the bags of the packaging for the TACO-LITOS Corn Snacks.  In addition, once outside of the bag, the TACO-LITOS product is indistinguishable from the TAKIS Product Configuration.  Photograph of the product configuration of the two products is depicted below.  The TAKIS Product Configuration is on the left while Defendants' indistinguishable, accused product is on the right.



33.     The TACO-LITOS Corn Snacks are sold in a packaging that is strikingly similar to the TAKIS Trade Dress ("TACO-LITOS Packaging").  Copies of the various examples of the TACO-LITOS Packaging are attached as Exhibit E.

As with the TAKIS Trade Dress, there are different variations of the TACO-LITOS corn snacks and the TACO-LITOS Packaging.

34.     For example, the spicy chile and lime flavored TACO-LITOS Corn Snacks are sold in a purple and black bag featuring a swirl pattern.  The word TACO-LITOS is written in the center of the bag in a bright mustard-yellow font and moves upwards from left to right.  An image of two corn snacks in the TAKIS Product Configuration lie across each other in the center of the bag along with an image of a flame, a chili pepper and a lime ("TACO-LITOS Chile N Lime Packaging").  For convenience, the TACO-LITOS Chile N Lime Packaging is reproduced below:



35.     The TACO-LITOS word mark is very similar to the TAKIS word mark in appearance, meaning and commercial impression.

36.     Upon information and belief, the TACO-LITOS product is sold to the same or overlapping consumers, through the same or overlapping trade channels.

## TACO-LITOS TRADEMARK APPLICATIONS

37.     On June 5, 2012 trademark applications for TACO-LITOS and TACO LITOS were filed with the U.S. Patent and Trademark Office, Serial Nos. 85/644,098 and 85/644,101 ("TACO-LITOS Trademark Applications").  The applications are owned by the Levin Trustee.  In the TACO-LITOS Trademark

Applications, Mr. Levin declared under oath that his trust was the owner of the marks sought to be registered.

38.     Based on these trademark filings, the Levin Trustee controls the quality of the corn snacks offered under the TACO-LITOS mark.  Upon information and belief, the Levin Trustee has personally made the decision to adopt and use the TACO-LITOS Mark, TACO-LITOS Packaging, TACO-LITOS Corn Snacks, all of which are included in the infringing acts complained of herein.  Because the Levin Trustee owns the accused TACO-LITOS mark, and exercises control over the quality of goods sold thereunder, the Levin Trustee has exposed himself by his actions to suit by Grupo Bimbo.

39.     On March 13, 2013, Grupo Bimbo timely filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office Notices of Opposition against the TACO-LITOS Trademark Applications on the grounds that the marks are likely to cause confusion with the TAKIS trademark and that the applications are void *ab initio*.

## BEFORE LAUNCHING THE TACOLITOS PRODUCT, SNAK-KING WAS FULLY AWARE OF GRUPO BIMBO'S PRIOR RIGHTS

40.     Prior to launching the TACOLITOS Product Defendants were fully aware of Grupo Bimbo's rights asserted herein.  Despite being formally put on notice of Grupo Bimbo's rights in the TAKIS Product Configuration, Snak-King subsequently launched the accused TACOLITOS product with a trade dress, mark and product configuration that was likely to cause consumers.

41.     On February 13, 2012, Grupo Bimbo sent a demand letter to Wal-Mart concerning the sale of a private label corn snack product manufactured by Snak-King that was virtually identical to the TAKIS Product Configuration.  Grupo Bimbo made it clear that it considered the sale of the private label rolled corn snack product to infringe Grupo Bimbo's rights in the federally registered TAKIS Product

1    Configuration.  A copy of the February 13, 2012, demand letter is attached as

2    Exhibit F.

3            42.    Wal-Mart apparently forwarded the demand letter to Snak-King.

4    Grupo Bimbo and Snak-King then exchanged a series of letters over the next several

5    months.  In its final letter on July 18, 2012, Grupo Bimbo stated that it disagreed

6    with Snak-King's legal position of no infringement with respect to the TAKIS

7    Product Configuration.  At that time, Grupo Bimbo believed Snak-King had

8    discontinued manufacturing the private label product.

9            43.    Despite this correspondence, Defendants then copied the TAKIS

10   Product Configuration for a new line of corn snacks, developed packaging that is

11   very similar to the TAKIS Trade Dress, and chose a name strikingly similar to

12   TAKIS – i.e., TACO-LITOS.  Defendants are now manufacturing and selling these

13   TACO-LITOS corn snacks in this District.

14          **SNAK-KING'S ACTIONS ARE LIKELY TO CONFUSE CONSUMERS**

15          44.    Defendants' continued sale of corn snacks in the TACO-LITOS

16   Packaging, bearing the TACO-LITOS name, and in a product configuration virtually

17   identical to the TAKIS Product Configuration is damaging Grupo Bimbo.

18   Consumers are likely to mistakenly believe that the TACO-LITOS Corn Snacks are

19   manufactured by, authorized by, or somehow affiliated with the producer of the

20   TAKIS Corn Snacks when that is not the case.

21          45.    Defendants' use of the TACO-LITOS Packaging, the TACO-LITOS

22   Mark, and the identical product configuration is likely to confuse consumers.

23   Defendants' combination of these elements in one product makes confusion even

24   more likely.  Defendants are attempting to improperly ride on Grupo Bimbo's coat-

25   tails in the rapidly growing market for the TAKIS Corn Snacks by selling corn

26   snacks which look the same as the distinctive TAKIS Product Configuration, in

27

28

1  packaging that is v                                                r a name that is
2  very similar to the

3          46.    Upon                                                ted their sales
4  force to place the T                                                r calculated to
5  heighten the likelih                                               .  For example, in
6  a store in Northern                                               ants' TACO-
7  LITOS product mi                                                   lf.  A photograph
8  showing this displ

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

25          47.    Because of the very similar packaging, very similar mark, and virtually
26  identical product shape, consumers are likely to mistakenly believe that the TACO-
27  LITOS Corn Snacks are associated with, sponsored by or somehow connected with
28  Grupo Bimbo, Barcel USA or the TAKIS Corn Snacks, all to Plaintiffs' detriment.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION

Indeed, there has been actual confusion, namely the mistaken belief that TACO-LITOS is a product put out by Plaintiffs.

48.     Defendants' launch of the TACO-LITOS Corn Snacks was with actual knowledge of Grupo Bimbo's prior rights in the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration.  In willful disregard of this actual notice, Snak-King started selling the TACO-LITOS Corn Snacks in an effort to capitalize on the exploding success of the TAKIS Corn Snacks, trade on Grupo Bimbo's goodwill and mislead consumers.  As a result of the Defendants' actions, Plaintiffs have suffered irreparable injury to its goodwill and its business reputation.  Plaintiffs will continue to suffer irreparable injury and harm if Defendants are not immediately restrained by this Court from further violation of the rights alleged herein.  Plaintiffs have no adequate remedy at law.

## COUNT I

## FEDERAL TRADE DRESS INFRINGEMENT -- PACKAGING

49.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 48 above, as if here set forth at length.

50.     As their first ground of relief, Plaintiffs allege federal trade dress infringement.  Plaintiffs allege that the TACO-LITOS Packaging constitutes trade dress infringement of Grupo Bimbo's rights in its various federally registered TAKIS packaging.

51.     The sale of corn snacks in the TACO-LITOS Packaging, as hereinabove pleaded, is likely to cause confusion, mistake and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between Defendants' products and those of Grupo Bimbo, and/or mislead the public into thinking that Grupo Bimbo is the origin of, or has sponsored or approved of, Defendants' products and/or commercial activities.  Defendants' actions irreparably harm the value of Grupo Bimbo's TAKIS Trade Dress and injure Grupo Bimbo's reputation and goodwill.

52.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, sponsorship or approval of Defendants' products in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53.     Defendants created, adopted and used in commerce the confusingly similar TACO-LITOS Packaging with full knowledge of Grupo Bimbo's rights in its TAKIS Trade Dress.  The sale and promotion of corn snacks in the TACO-LITOS Packaging has been done in bad faith and with a willful and deliberate intent to pass off its corn snacks as those of Grupo Bimbo and trade on the significant goodwill developed in the TAKIS Trade Dress.  In view of the willful nature of these activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

54.     Unless restrained by this Court, Defendants will continue to engage in their scheme to violate the longstanding rights of Grupo Bimbo, to mislead the public, and to trade upon and injure Grupo Bimbo's reputation and goodwill. Defendants' infringement has damaged Grupo Bimbo, has damaged Barcel, has resulted in unjust enrichment to Defendants, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Grupo Bimbo has no adequate remedy at law.

## COUNT II

### FEDERAL TRADEMARK INFRINGEMENT -- TRADEMARK

55.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 54 above as if here set forth at length.

56.     As their second ground of relief, Plaintiffs allege federal trademark infringement.  Plaintiffs allege that the TACO-LITOS mark infringes Grupo Bimbo's rights in its TAKIS Mark.

57.     Defendants' sale of corn snacks under the TACO-LITOS mark, as hereinabove pleaded, is likely to cause confusion, mistake and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between the TACO-LITOS product and those of Grupo Bimbo, and/or mislead the public into thinking that Grupo Bimbo is the origin of, or has sponsored or approved of Defendants' products and/or commercial activities.  Defendants' actions irreparably harm the value of Grupo Bimbo's TAKIS Mark and injure Grupo Bimbo's reputation and goodwill.

58.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, sponsorship or approval of Defendants' products in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.     Defendants created, adopted and used in commerce the confusingly similar TACO-LITOS mark with full knowledge of Grupo Bimbo's rights in its TAKIS Mark.  The sale and promotion of corn snacks under the TACO-LITOS mark has been made in bad faith and with a willful and deliberate intent to pass off its corn snacks as those of Grupo Bimbo and trade on the significant goodwill developed in the TAKIS Mark.  In view of the willful nature of Defendants' activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

60.     Unless restrained by this Court, Defendants will continue to engage in their scheme to violate the longstanding rights of Grupo Bimbo, to mislead the public, and to trade upon and injure Grupo Bimbo's reputation and goodwill. Defendants' infringement has damaged Grupo Bimbo, has damaged Barcel, has resulted in unjust enrichment to Defendants, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Grupo Bimbo has no adequate remedy at law.

1

2

## COUNT III

3

## FEDERAL TRADE DRESS INFRINGEMENT – PRODUCT

4

## CONFIGURATION

5        61.    Plaintiffs repeat and reallege each and every allegation of Paragraphs 1

6   through 60 above as if here set forth at length.

7        62.    As their third ground of relief, Plaintiffs allege federal trade dress

8   infringement.  Plaintiffs allege that the shape of the TACO-LITOS corn snack

9   infringes Grupo Bimbo's rights in its TAKIS Product Configuration.

10       63.    Defendants' sale of corn snacks in the rolled corn snack shape, as

11  hereinabove pleaded, is likely to cause confusion, mistake and/or deception - both at

12  the point-of-sale and in the post-sale context - among the relevant public, including

13  consumers, as to the affiliation, connection, or association between Defendants'

14  products and those of Grupo Bimbo, and/or mislead the public into thinking that

15  Grupo Bimbo is the origin of, or has sponsored or approved of, Defendants'

16  products and/or commercial activities.  Defendants' actions irreparably harm the

17  value of Grupo Bimbo's TAKIS Product Configuration and injure Grupo Bimbo's

18  reputation and goodwill.

19       64.    Defendants' actions, as described above, are likely to cause confusion,

20  or to cause mistake or to deceive consumers - both at the point-of-sale and in the

21  post-sale context - as to the origin, sponsorship or approval of Defendants' products

22  in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23       65.    Defendants created, adopted and used in commerce the confusingly

24  similar rolled corn snack shape with full knowledge of Grupo Bimbo's rights in its

25  TAKIS Product Configuration.  The sale and promotion of corn snacks in the rolled

26  corn snack shape has been made in bad faith and with a willful and deliberate intent

27  to pass off its corn snacks as those of Grupo Bimbo and trade on the significant

28  goodwill developed in the TAKIS Product Configuration.  In view of the willful

nature of Defendants' activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

66.     Unless restrained by this Court, Defendants will continue to engage in their scheme to violate the longstanding rights of Grupo Bimbo, to mislead the public, and to trade upon and injure Grupo Bimbo's reputation and goodwill. Defendants' infringement has damaged Grupo Bimbo, has damaged Barcel, has resulted in unjust enrichment to Defendant, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Grupo Bimbo has no adequate remedy at law.

## COUNT IV

### FEDERAL UNFAIR COMPETITION, FEDERAL PASSING OFF AND FALSE DESIGNATION OF ORIGIN

67.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 66 above as if here set forth at length.

68.     As their fourth ground of relief, Plaintiffs allege federal unfair competition passing off and false designation of origin.  Plaintiffs allege that Defendants' creation, adoption and use in commerce of the TACO-LITOS Packaging, TACO-LITOS mark and shape of the TACO-LITOS corn snack unfairly competes with, passes off as, and creates a false designation of origin with the TAKIS Corn Snacks.

69.     The TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape are likely to cause confusion, mistake, and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between Defendants and Plaintiffs, and/or mislead the public into thinking that Plaintiffs are the origin of, or have sponsored or approved of, Defendants' products and/or commercial activities, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. §1125(a)(1).

19

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION

70.     The overall impression created by the use of the TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape, are likely to cause confusion, mistake and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between Defendants and Plaintiffs, and/or mislead the public into thinking that Plaintiffs are the origin of, or has sponsored or approved of, Defendants' products and/or commercial activities and thus constitutes unfair competition, false designation of origin, and passing off in violation of 15 U.S.C. § 1125(a)(1).

71.     Defendants created, adopted and used in commerce the confusingly similar TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape with full knowledge of Grupo Bimbo's rights in its TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration.  The sale and promotion of corn snacks in the TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape has been made in bad faith and with a willful and deliberate intent to pass off its corn snacks as those of Grupo Bimbo and trade on the significant goodwill developed in the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration.  In view of the willful nature of Defendants' activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

72.     Unless restrained by this Court, Defendants will continue to engage in its scheme to violate the longstanding rights of Grupo Bimbo, to mislead the public, and to trade upon and injure Plaintiffs' reputation and goodwill.  Defendants' infringement has damaged Grupo Bimbo, has damaged Barcel, has resulted in unjust enrichment to Defendants, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Plaintiffs have no adequate remedy at law.

## COUNT V

## CALIFORNIA UNFAIR COMPETITION

73.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 72 above as if here set forth at length.

74.     As their fifth ground of relief, Plaintiffs allege unfair competition under the laws of the State of California.  Plaintiffs allege that Defendants' creation, adoption and use in commerce of the TACO-LITOS Packaging, TACO-LITOS mark and shape of the TACO-LITOS corn snack unfairly competes with and creates a false designation of origin with the TAKIS Product, TAKIS Packaging, TAKIS Mark, and TAKIS Product Configuration.

75.     Defendants have willfully, knowingly, and without Plaintiffs' authorization, manufactured, promoted, advertised, sold and offered for sale goods that infringe the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration, created confusion in the marketplace and harmed the goodwill Grupo Bimbo has developed in the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration.

76.     Defendants' use of the TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Snak-King's products and related commercial activities.  Defendants' actions are an unlawful or unfair business act or practice and constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

77.     Defendants' acts of unfair competition have caused Grupo Bimbo and Barcel to suffer economic damage, have resulted in unjust enrichment to Snak-King, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Plaintiffs have no adequate remedy at law.

# COUNT VI

## CALIFORNIA COMMON LAW OF UNFAIR COMPETITION

78.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 77 above as if here set forth at length.

79.     As their sixth ground of relief, Plaintiffs allege unfair competition under the common law of the State of California.  Plaintiffs allege that Defendants' creation, adoption and use in commerce of the TACO-LITOS Packaging, TACO-LITOS mark and shape of the TACO-LITOS corn snack unfairly competes with the TAKIS Product, TAKIS Packaging, TAKIS Mark and TAKIS Product Configuration.

80.     Defendants have willfully, knowingly, and without Plaintiffs' authorization, manufactured, promoted, advertised, sold and offered for sale goods that infringe the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration, created confusion in the marketplace and harmed the goodwill Grupo Bimbo has developed in the TAKIS Trade Dress, TAKIS Mark and TAKIS Product Configuration.

81.     Defendants' use of the TACO-LITOS Packaging, TACO-LITOS mark and corn snack shape is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendants' products and related commercial activities, and constitutes unfair competition in violation of the common law of the State of California.

82.     Defendants' acts of unfair competition have caused Grupo Bimbo and Barcel to suffer economic damage, have resulted in unjust enrichment to Defendants, has resulted in the misappropriation of valuable property rights of Grupo Bimbo, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiffs and the public, for which damage and injury Plaintiffs have no adequate remedy at law.

# **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFFS Demand:**

A. That Snak-King, together with all of its officers, agents, servants, employees, attorneys, successors, related companies and assigns and its business or businesses, the Levin Trustee, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

1. Using, marketing or selling any products in connection with the TACO-LITOS Packaging or any other packaging or trade dress which is confusingly similar to any of Grupo Bimbo's TAKIS Trade Dress;

2. Using, marketing or selling any products in connection with the TACO-LITOS mark, or any other mark that is confusingly similar to the TAKIS Mark;

3. Using, marketing or selling any products in connection with the TACO-LITOS Configuration, or any other product shape that is confusingly similar to the TAKIS Product Configuration;

4. Doing any other act or thing (i) likely to induce the mistaken belief that Defendants' corn snack products, or any other products or services are in any way affiliated, connected or associated with Grupo Bimbo or its services or other products, or (ii) that otherwise would damage Grupo Bimbo's goodwill and reputation;

5. Unfairly competing with Plaintiffs in any manner whatsoever; and

6. Causing a likelihood of confusion with respect to Grupo Bimbo's TAKIS Trade Dress, TAKIS Mark or TAKIS Product Configuration, or injury to the business reputation of Plaintiffs.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION

B.      That the Levin Trustee be ordered to expressly abandon the Trademark Applications.

C.      That each Defendant be directed to file with the Court and serve upon Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction.

D.      That Defendants be required to deliver for destruction all of its current inventory of TACO-LITOS corn snacks, TACO-LITOS packaging, advertising including the TACO-LITOS Packaging, TACO-LITOS Mark or TACO-LITOS Configuration, and any similar or related materials in its possession or control that violate Grupo Bimbo's rights in the TAKIS Trade Dress, TAKIS Mark, or TAKIS Product Configuration.

E.      That Plaintiffs be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

1.      All profits received by Snak-King and the Levin Trustee, from sales and revenues of any kind made as a result of its acts of infringement or unfair competition, said amount to be trebled; and

2.      All damages sustained by Grupo Bimbo and its subsidiaries as a result of Defendants' acts of infringement or unfair competition, and that such damages be trebled.

F.      That, because of the exceptional nature of this case resulting from Snak-King's deliberate infringing actions and disregard for Plaintiff's rights, this Court award to Plaintiffs all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

G.      That Plaintiffs shall have such other and further relief as this Court may deem just.

1

2   DATED: March 25, 2013          **GOODKIN & LYNCH, LLP**

3

4                                  By: _____

5                                         Daniel L. Goodkin
                                           Marshal P. Wilke
6                                  Attorneys for Plaintiffs GRUPO BIMBO
                                   S.A. B. DE C.V.; and BARCEL USA,
7                                  LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs GRUPO BIMBO S.A. B. DE C.V. and BARCEL USA, LLC hereby demand trial of this matter by jury, pursuant to Federal Rules of Civil Procedure, Rule 38.

DATED: March 25, 2013                **GOODKIN & LYNCH, LLP**

By: _____
                              Daniel L. Goodkin
                              Marshal P. Wilke
                         Attorneys for Plaintiffs GRUPO BIMBO
                         S.A. B. DE C.V.; and BARCEL USA,
                         LLC

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION

# EXHIBIT A







# EXHIBIT B

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 2,770,663

## United States Patent and Trademark Office

Registered Oct. 7, 2003

### TRADEMARK
### PRINCIPAL REGISTER

## TAKIS

GRUPO BIMBO, S.A. DE C.V. (MEXICO COR-
PORATION)
PROLONGACION PASEO DE LA REFORMA NO.
1000
COL. DESARROLLO SANTA FE
DELEGACION ALVARO OBREGON, MEXICO 01210
, BY MERGER CENTRAL IMPULSORA, S.A. DE
C.V (MEXICO CORPORATION) DELEGACION
ALVARO OBREGON, MEXICO 01210

FOR: FRIED CORN SNACKS AND FRIED
WHEAT FLOUR SNACKS, IN CLASS 30 (U.S. CL. 46).

OWNER OF MEXICO REG. NO. 547799, DATED 4-
29-1997, EXPIRES 4-15-2007.

SER. NO. 76-175,373, FILED 11-30-2000.

MARK T. MULLEN, EXAMINING ATTORNEY

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

**United States Patent and Trademark Office**

Reg. No. 3,529,708

Registered Nov. 11, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# TAKIS FUEGO

GRUPO BIMBO, S.A. B. DE C.V. (MEXICO COR-
PORATION)
NO. 1000, COL. PENA BLANCA SANTA FE
PROLONGACION PASEO DE LA REFORMA
MEXICO CITY, MEXICO 01210

FOR: FRIED CORN SNACKS AND FRIED
WHEAT FLOUR SNACKS, IN CLASS 30 (U.S. CL. 46).

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF MEXICO REG. NO. 948838, DATED 8-
25-2006, EXPIRES 8-9-2016.

OWNER OF U.S. REG. NOS. 2,719,974 AND
2,770,663.

THE ENGLISH TRANSLATION OF THE WORD
FUEGO IN THE MARK IS FIRE.

SER. NO. 77-099,106, FILED 2-5-2007.

TAMARA FRAZIER, EXAMINING ATTORNEY



# United States of America

## United States Patent and Trademark Office

# TAKIS NITRO

**Reg. No. 3,862,100**

**Registered Oct. 12, 2010**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

GRUPO BIMBO, S.A. B. DE C.V. (MEXICO CORPORATION)
PROLONGACION PASEO DE LA REFORMA
NO. 1000, COL. PENA BLANCA SANTA FE
MEXICO CITY, MEXICO 01210

FOR: FRIED CORN SNACKS AND FRIED WHEAT FLOUR SNACKS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 7-22-2010; IN COMMERCE 7-22-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,770,663 AND 3,529,708.

SN 77-919,409, FILED 1-25-2010.

MARY ROSSMAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,079,594**

**Registered Jan. 3, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

GRUPO BIMBO, S.A.B. DE C.V. (MEXICO CORPORATION)
PROLONGACION PASEO DE LA REFORMA
NO. 1000, COL. PENA BLANCA SANTA FE
MEXICO CITY, MEXICO 01210

FOR: CORN-BASED SNACK FOODS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-28-2007; IN COMMERCE 2-28-2007.

OWNER OF U.S. REG. NOS. 3,783,767, 3,783,798 AND OTHERS.

THE MARK CONSISTS OF THE WORD "TAKIS" WITH A SWIRL DESIGN INSTEAD OF A DOT OVER THE LETTER "I".

THE WORDING "TAKIS" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 85-305,942, FILED 4-27-2011.

SETH A. RAPPAPORT, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office



| | |
|---|---|
| **Reg. No. 3,783,767** | GRUPO BIMBO, S.A. B. DE C.V. (MEXICO CORPORATION) |
| **Registered May 4, 2010** | PROLONGACION PASEO DE LA REFORMA<br>NO. 1000, COL. PENA BLANCA SANTA FE |
| **Int. Cl.: 30** | MEXICO CITY, MEXICO 01210 |
| | FOR: CORN-BASED SNACK FOODS, IN CLASS 30 (U.S. CL. 46). |
| **TRADEMARK** | FIRST USE 4-30-2007; IN COMMERCE 4-30-2007. |
| **PRINCIPAL REGISTER** | OWNER OF U.S. REG. NOS. 2,770,663 AND 3,529,708. |

THE COLOR(S) PURPLE, YELLOW, RED, GREEN, BLACK AND ORANGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE PICTORIAL REPRESENT-ATIONS OF THE CORN SNACKS AND LIMES", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE DESIGN FEATURES OF PACKAGING FOR THE GOODS; THE DESIGN FEATURES INCLUDE: THE GEOMETRIC DESIGNS, PICTORIAL DESIGNS, COLOR PLACEMENT, AND WORDS AS THEY APPEAR IN THE MARK AS A WHOLE. THE SHAPE OF THE SNACK FOOD BAG IS NOT BEING CLAIMED AS A PART OF THE MARK. THE DOTTED LINES SHOW THE POSITION OR PLACEMENT OF THE MARK ON THE CONTAINER. THE COLORS PURPLE, YELLOW, RED, GREEN, BLACK AND ORANGE APPEAR IN THE ABSTRACT DRAWING DESIGNS ON THE BAG; THE COLOR PURPLE APPEARS IN THE BACKGROUND AND BEHIND THE WORDING "TAKIS FUEGO," IN THE WORDING OF "FUEGO" AND IN THE SWIRL DESIGN IN THE BACKGROUND; YELLOW APPEARS IN THE WORDING "TAKIS", IN THE STYLIZED DOT ABOVE THE "I" IN "TAKIS", IN THE PAINTBRUSHED BACKGROUND BEHIND "FUEGO" AND IN THE STYLIZED DESIGN OF FIERY FLAMES EMITTING UP THROUGH THE STYLIZED DESIGN OF THE SNACK FOOD; RED APPEARS IN THE STYLIZED DESIGN OF THE SNACK FOOD; GREEN APPEARS IN THE STYLIZED DESIGN OF THE LIME WEDGES; ORANGE APPEARS IN THE STYLIZED DESIGN OF THE SNACK FOOD AND IN THE STYLIZED DESIGN OF THE FIERY FLAMES; AND BLACK APPEARS IN THE OUTLINING OF THE WORD "TAKIS".

THE ENGLISH TRANSLATION OF FUEGO IN THE MARK IS FIRE.

SER. NO. 77-798,778, FILED 8-6-2009.



Director of the United States Patent and Trademark Office

**Reg. No. 3,783,767** MARILYN IZZI, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,783,796**

**Registered May 4, 2010**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

GRUPO BIMBO, S.A. B. DE C.V. (MEXICO CORPORATION)
PROLONGACION PASEO DE LA REFORMA
NO. 1000, COL. PENA BLANCA SANTA FE
MEXICO CITY, MEXICO 01210

FOR: CORN-BASED SNACK FOODS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-28-2007; IN COMMERCE 2-28-2007.

OWNER OF U.S. REG. NO. 2,770,663.

THE COLOR(S) GREEN, YELLOW, RED, BLACK AND BROWN IS/ARE CLAIMED AS A
FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRUNCHY FAJITA" AND THE
PICTORIAL REPRESENTATION OF THE CORN SNACKS, APART FROM THE MARK AS
SHOWN.

THE MARK CONSISTS OF THE DESIGN FEATURES OF PACKAGING FOR THE GOODS;
THE DESIGN FEATURES INCLUDE: THE GEOMETRIC DESIGNS, PICTORIAL DESIGNS,
COLOR PLACEMENT, AND WORDS AS THEY APPEAR IN THE MARK AS A WHOLE. THE
SHAPE OF THE SNACK FOOD BAG IS NOT BEING CLAIMED AS A PART OF THE MARK.
THE DOTTED LINES SHOW THE POSITION OR PLACEMENT OF THE MARK ON THE
CONTAINER. THE COLORS GREEN, YELLOW, RED AND BROWN APPEAR IN THE AB-
STRACT DRAWING DESIGNS ON THE BAG; THE COLOR GREEN APPEARS IN THE
BACKGROUND AND BEHIND THE WORDING "TAKIS CRUNCHY FAJITA" AND IN THE
SWIRL DESIGN IN THE BACKGROUND; YELLOW APPEARS IN THE WORDING "TAKIS",
IN THE STYLIZED DOT ABOVE THE "I" IN "TAKIS", AND IN THE PAINTBRUSHED
BACKGROUND BEHIND THE WORDING "CRUNCHY FAJITA"; RED APPEARS IN THE
WORDING "CRUNCHY FAJITA"; BROWN APPEARS IN THE STYLIZED DESIGN OF THE
SNACK FOOD; AND THE COLOR BLACK APPEARS IN THE OUTLINING OF THE WORD
"TAKIS".

SER. NO. 77-803,955, FILED 8-13-2009.

MARILYN IZZI, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,783,797**

**Registered May 4, 2010**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

GRUPO BIMBO, S.A. B. DE C.V. (MEXICO CORPORATION)
PROLONGACION PASEO DE LA REFORMA
NO. 1000, COL. PENA BLANCA SANTA FE
MEXICO CITY, MEXICO 01210

FOR: CORN-BASED SNACK FOODS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-28-2007; IN COMMERCE 2-28-2007.

OWNER OF U.S. REG. NO. 2,770,663.

THE COLOR(S) YELLOW, GREEN, RED, BLACK, WHITE AND BROWN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SALSA" AND THE PICTORIAL REPRESENTATION OF THE CORN SNACKS, APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE DESIGN FEATURES OF PACKAGING FOR THE GOODS; THE DESIGN FEATURES INCLUDE: THE GEOMETRIC DESIGNS, PICTORIAL DESIGNS, COLOR PLACEMENT, AND WORDS AS THEY APPEAR IN THE MARK AS A WHOLE. THE SHAPE OF THE SNACK FOOD BAG IS NOT BEING CLAIMED AS A PART OF THE MARK. THE DOTTED LINES SHOW THE POSITION OR PLACEMENT OF THE MARK ON THE CONTAINER. THE COLORS YELLOW, GREEN, RED, AND BROWN APPEAR IN THE AB-STRACT DRAWING DESIGNS ON THE BAG; THE COLOR YELLOW APPEARS IN THE BACKGROUND AND BEHIND THE WORDING "TAKIS SALSA BRAVA" AND IN THE SWIRL DESIGN IN THE BACKGROUND; GREEN APPEARS IN THE WORDING "TAKIS" AND IN THE STYLIZED DOT ABOVE THE "I" IN "TAKIS", RED APPEARS IN THE WORDING "SALSA BRAVA;" BROWN APPEARS IN THE STYLIZED DESIGN OF THE SNACK FOOD.; WHITE APPEARS IN THE OUTLINING OF THE WORDING "SALSA BRAVA" AND BLACK APPEARS ON THE OUTLINING OF THE WORDING "TAKIS".

THE ENGLISH TRANSLATION OF "BRAVA" IN THE MARK IS FIERCE.

SER. NO. 77-804,016, FILED 8-13-2009.

MARILYN IZZI, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,783,785**

**Registered May 4, 2010**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

GRUPO BIMBO, S.A. B. DE C.V. (MEXICO CORPORATION)
PROLONGACION PASEO DE LA REFORMA
NO. 1000, COL. PENA BLANCA SANTA FE
MEXICO CITY, MEXICO 01210

FOR: CORN-BASED SNACK FOODS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2007; IN COMMERCE 3-31-2007.

OWNER OF U.S. REG. NO. 2,770,663.

THE COLOR(S) GREEN, YELLOW, RED, BROWN, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUACAMOLE" AND THE PICTORIAL REPRESENTATION OF THE CORN SNACKS, APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE DESIGN FEATURES OF PACKAGING FOR THE GOODS; THE DESIGN FEATURES INCLUDE: THE GEOMETRIC DESIGNS, PICTORIAL DESIGNS, COLOR PLACEMENT, AND WORDS AS THEY APPEAR IN THE MARK AS A WHOLE. THE SHAPE OF THE SNACK FOOD BAG IS NOT BEING CLAIMED AS A PART OF THE MARK. THE DOTTED LINES SHOW THE POSITION OR PLACEMENT OF THE MARK ON THE CONTAINER. THE COLORS GREY, GREEN, AND YELLOW APPEAR IN THE ABSTRACT DRAWING DESIGNS ON THE BAG; THE COLOR GREY APPEARS IN THE BACKGROUND AND BEHIND THE WORDING "TAKIS GUACAMOLE" AND IN THE SWIRL DESIGN IN THE BACKGROUND; GREEN APPEARS IN THE WORDING "TAKIS", IN THE STYLIZED DOT ABOVE THE "I" IN "TAKIS", IN THE WORDING "GUACAMOLE" AND IN THE PAINTBRUSHED BACKGROUND BEHIND "GUACAMOLE"; YELLOW APPEARS IN THE STYLIZED DESIGN OF THE SNACK FOOD. THE COLOR BLACK APPEARS IN THE OUT-LINING OF THE WORK "TAKIS". THE COLOR WHITE APPEARS AS THE BACKGROUND OF THE ENTIRE MARK.



SER. NO. 77-802,694, FILED 8-12-2009.

MARILYN IZZI, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

# EXHIBIT D

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,188,850

Registered Dec. 26, 2006

## TRADEMARK
### PRINCIPAL REGISTER



GRUPO BIMBO, S.A. DE C.V. (MEXICO COR-
  PORATION)
PROLONGACIÓN PASEO DE LA REFORMA
NO. 1000, COL. DESARROLLO SANTA FE
MEXICO, DF, MEXICO 01210

  FOR: FRIED CORN FLOUR SNACKS, IN CLASS
30 (U.S. CL. 46).

  FIRST USE 10-0-1998; IN COMMERCE 11-0-2000.

  THE STIPPLING IS FOR SHADING PURPOSES
ONLY.

THE MARK CONSISTS OF THE CONFIGURA-
TION OF THE GOODS IN THE FORM OF A
ROLLED-UP TACO SHELL.

SEC. 2(F).

SER. NO. 78-649,213, FILED 6-13-2005.

DAVID YONTEF, EXAMINING ATTORNEY

**EXHIBIT E**







**EXHIBIT F**



**BRINKS**
**HOFER**
**GILSON**
**&LIONE**

A Professional Corporation

Intellectual Property
Law Worldwide

Scott J. Slavick
(312) 321-4245
sslavick@brinkshofer.com

February 13, 2012

***VIA EMAIL: USTM@walmartlegal.com***

Danica Acosta, Esq.
Wal-Mart Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, Arkansas 72716-6209

Re:   **Wal-Mart Stores, Inc.'s Unauthorized Use of the Takis Configuration Mark**

Dear Ms. Acosta:

We are counsel for Grupo Bimbo, S.A.B de C.V. ("Grupo Bimbo") in connection with its
intellectual property matters in the United States.

For over 12 years, Grupo Bimbo has used the Takis configuration trademark in connection with
fried corn flour snacks. Grupo Bimbo has spent considerable time, money and effort promoting
and selling snacks in connection with this specific configuration mark, and as a result the mark
has generated substantial goodwill and has come to be associated by consumers with products of
only the highest quality offered by Grupo Bimbo. Furthermore, Grupo Bimbo owns a U.S.
federal trademark registration, U.S. Registration Number 3,188,850, for this configuration mark
for use in connection with fried corn flour snacks. Grupo Bimbo has used this configuration
mark in the U.S. since at least as early as 2000. This registration is in full force and effect. A
copy of this registration is attached as Exhibit A.

It has recently come to our client's attention that Wal-Mart Stores, Inc. ("Wal-Mart") has begun
using the same configuration mark in connection with its own snacks. An example of Wal-
Mart's use, purchased on February 9, 2012, from Wal-Mart store number 2515, located at 3721
E. Thomas Road, Phoenix, Arizona 85018, is attached as Exhibit B.

Grupo Bimbo is concerned that Wal-Mart's use of the same configuration mark in connection
with snacks is likely to cause confusion among consumers. Consumers are likely to believe that
Wal-Mart's goods originate with, or are sponsored or approved by Grupo Bimbo when, in fact,
they are not. As a result, Grupo Bimbo' valuable reputation and goodwill are at risk.

Danica Acosta, Esq.
Wal-Mart Legal Department
February 13, 2012
Page 2

Grupo Bimbo assumes that use of the configuration mark must have been an oversight on Wal-Mart's part. As you may know, Grupo Bimbo currently enjoys a strong working relationship with Wal-Mart and because of the parties' positive ongoing business relationship Grupo Bimbo would greatly prefer to resolve this matter amicably. To that end, we request that Wal-Mart confirm as soon as possible that it will cease any and all use of the configuration mark.

We appreciate your attention to this matter and look forward to your favorable response. Please feel free to contact me directly if you wish to discuss this matter further.

This letter is sent without prejudice and without waiving any of Grupo Bimbo's rights or remedies, all of which are expressly reserved.

Sincerely,

Scott Slavick

Enclosures

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,188,850

Registered Dec. 26, 2006

## TRADEMARK
### PRINCIPAL REGISTER



GRUPO BIMBO, S.A. DE C.V. (MEXICO COR-
PORATION)
PROLONGACIÓN PASEO DE LA REFORMA
NO. 1000, COL. DESARROLLO SANTA FE
MEXICO, DF, MEXICO 01210

FOR: FRIED CORN FLOUR SNACKS, IN CLASS
30 (U.S. CL. 46).

FIRST USE 10-0-1998; IN COMMERCE 11-0-2000.

THE STIPPLING IS FOR SHADING PURPOSES
ONLY.

THE MARK CONSISTS OF THE CONFIGURA-
TION OF THE GOODS IN THE FORM OF A
ROLLED-UP TACO SHELL.

SEC. 2(F).

SER. NO. 78-649,213, FILED 6-13-2005.

DAVID YONTEF, EXAMINING ATTORNEY

Danica Acosta, Esq.
Wal-Mart Legal Department
February 13, 2012
Page 3

**Exhibit B**

 



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV13- 2147 ABC (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Daniel L. Goodkin (SBN 131347)
Marshal P. Wilke (SBN 265474)
Goodkin & Lynch, LLP
1875 Century Park East, Suite 1860
Los Angeles, CA 90067; (310) 552-3322

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| GRUPO BIMBO S.A. B. DE C.V.; and BARCEL U.S.A., LLC<br><br>PLAINTIFF(S)<br>v.<br><br>SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-02147 ABL (VBX x)<br><br><br>**SUMMONS** |
|---|---|

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _DANIEL L. GOODKIN_____, whose address is _GOODKIN & LYNCH, LLP; 1875 Century Park East, Ste. 1860; Los Angeles CA 90067_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

MAR 2 5 2013

Dated: _____     By: _____**JULIE PRADO**_____
                                              Deputy Clerk

                                              *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

GRUPO BIMBO S.A. B. DE C.V.; and
BARCEL USA, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SNAK-KING CORP.; and
THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Daniel L. Goodkin (SBN 131347); Marshal P. Wilke (SBN 265474)
Goodkin & Lynch, LLP
1875 Century Park East, Suite 1860
Los Angeles, CA 90067; (310) 552-3322

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Ongoing violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq., by sale of products which infringe on Plaintiff's valuable trademarks

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:**   CV13-02147

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | GRUPO BIMBO S.A. B. DE C.V. -- Mexico<br>BARCEL USA, LLC -- Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SNAK-KING CORP. -- Los Angeles<br>THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST -- Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: **MARCH 25, 2013**

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |