BRINKS GILSON & LIONE
Philip A. Jones (Pro hac Vice) (pjones@brinksgilson.com)
Andrew J. Avsec (Pro hac Vice) (aavsec@brinksgilson.com)
Dawn M. Davis (Pro hac Vice) (ddavis@brinksgilson.com)
Robert S. Mallin (Pro hac Vice) (rmallin@brinksgilson.com)
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Tel:  (312) 321-4200
Fax:  (312) 321-4299

MORRIS POLICH & PURDY LLP
Gerald P. Schneeweis (gschneeweis@mpplaw.com)
600 West Broadway, Suite 500
San Diego, California 92101
Tel:  (619) 557-0404
Fax:  (619) 557-0460

MORRIS POLICH & PURDY LLP
Donald L. Ridge (dridge@mpplaw.com)
Raina L. Richter (rrichter@mpplaw.com)
1055 W. Seventh Street, 24th Floor
Los Angeles, California 90017
Tel:  (213) 891-9100
Fax:  (213) 488-1178

Attorneys for Plaintiffs and Counterclaim Defendants
GRUPO BIMBO, S.A. B. DE C.V. and BARCEL USA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRUPO BIMBO, S.A. B. DE C.V.; and BARCEL USA, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST <br><br> Defendants. | CASE NO. 13-CV-02147-AB (VBKx) <br><br> **APPLICATION OF PLAINTIFFS GRUPO BIMBO S.A.B. DE C.V. AND BARCEL USA, LLC FOR ORDER TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1** |

L0550312;1

1

| | |
|---|---|
| SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST, | Action Filed:    March 25, 2013 |

      Counterclaim-Plaintiffs,

vs.

GRUPO BIMBO, S.A.B. DE C.V.; and
BARCEL USA, LLC,

      Counterclaim-Defendants.

## APPLICATION

  Pursuant to Local Rule 79-5.1, plaintiffs GRUPO BIMBO S.A.B. DE C.V. and BARCEL USA, LLC (collectively, "Plaintiffs") hereby apply to this Court for an order granting Plaintiffs' application to file under seal Exhibits to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974 ("Exhibits"). These Exhibits were produced by the parties in litigation and designated as confidential pursuant to a protective order entered by this court. Therefore, pursuant to *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, the public interest in these documents is presumptively outweighed by the risk of harm from disclosure. The specific Opposition documents that Plaintiffs are seeking an order to file under seal are as follows:

1. **Exhibit 8 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974;**

2. **Exhibit 9 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974;**

3. **Exhibit 10 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974;**

4. **Exhibit 12 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974;**

5. **Exhibit 13 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974;**

**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**

1    **6. Exhibit 16 to the Declaration of Dawn M. David Re: Plaintiffs'**
2    **Markman Reply Brief for US Patent No. 6,393,974;**

3    **7. Exhibit 17 to the Declaration of Dawn M. David Re: Plaintiffs'**
4    **Markman Reply Brief for US Patent No. 6,393,974.**

5    This patent and trade dress infringement lawsuit involves highly sensitive and
6 confidential trade secret and other commercial information that has been designated as
7 "Confidential," "Highly Confidential," and/or "Highly Confidential – Outside Counsel
8 Only." Good cause exists to grant this Application because Exhibits 10 and 12 to the
9 Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No.
10 6,393,974 contain information which Defendant claims is highly confidential and was
11 labeled as such by Defendant when produced in discovery. The documents attached as
12 Exhibits 9 and 13 to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply
13 Brief for US Patent No. 6,393,974 were similarly produced in discovery and also
14 labeled by Plaintiffs as confidential. This application seeks to protect those documents
15 from public disclosure pursuant to the protective order entered in this matter.

16    This application also addresses and seeks to protect Exhibits 8, 16 and 17 which
17 consist of rough deposition transcripts that are required to be treated as highly
18 confidential by the protective order entered by this court from the date of the
19 deposition until 14 days after receipt of the final transcripts, during which time the
20 parties can designate portions as confidential. (See Protective Order, Docket No. 212
21 at para. 12.) For each of these transcripts, the 14 day period has not run. Indeed, the
22 parties have not yet received any final transcripts so the 14 day period has not yet
23 commenced. Therefore, Plaintiff is required by court order to maintain these
24 transcripts as highly confidential.

25    In addition, this Court has granted numerous other Applications to File Under
26 Seal in this case, both by Plaintiffs and Defendants. (Doc. Nos. 60, 72, 78 and 86, 94,
27 112, 113, 114, 123, 159, 172, 176, 185, 257 and 262.) For the aforementioned reasons,
28

1    Plaintiffs request that this Court grant their Application to file certain Exhibits under

2    seal.

3

4                                   **ARGUMENT**

5          Defendants have filed, portions conditionally under seal, Exhibits to the

6    Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No.

7    6,393,974 ("Exhibits").   These Exhibits necessarily contain highly confidential and

8    proprietary business strategy, trade secret, technical and commercial information about

9    the machinery and processes used to manufacture the parties' snack food products.

10   Disclosure of such confidential and valuable information could seriously impair and

11   injure Plaintiffs' competitive posture in a highly competitive industry.   Plaintiffs'

12   competitors could use or otherwise manipulate the confidential and proprietary

13   information to obtain a competitive advantage.

14         In the Ninth Circuit, while there is a presumption of access to court records, that

15   presumption can be overcome by important countervailing interests. *San Jose Mercury*

16   *News v. U.S. Dist. Ct.* (9th Cir. 1999) 187 F.3d 1096, 1102.   "In deciding whether

17   sufficient countervailing interests exist, the court will look to the public interest in

18   understand the judicial process and whether disclosure of the material could result in

19   improper use…or infringement upon trade secrets." *Phillips v. Gen. Motors Corp.* (9th

20   Cir. 2002) 307 F.3d 1206, 1213.  Information need not rise to the level of a trade secret

21   to be subject to seal. *See* Fed. R. Civ. P. 26(c)(1)(G), permitting protection of "trade

22   secret" and other "confidential research, development, or commercial information."

23         Two standards apply when courts are asked to balance the public's right of

24   access to materials filed in court proceedings and a party's right to limit disclosure of

25   confidential information, depending on whether the documents to be sealed relate to

26   non-dispositive or dispositive proceedings.  For nondispositive proceedings, such as

27   the motion at issue here, the relevant standard for a sealing order is whether "'good

28   cause' exists to protect th[e] information from being disclosed to the public by

L0550312;1                                    4

1  balancing the needs for discovery against the need for confidentiality." *Pintos v.*
2  *Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678 citing *Phillips ex rel. Estates*
3  *of Byrd v. Gen. Motors Corp.* (9th Cir.2002) 307 F.3d 1206, 1213.

4          The Pintos court continued and held that:

5                  'good cause' is… the proper standard when a party seeks access
6                  to previously sealed discovery attached to a nondispositive
7                  motion. 307 F.3d at 1213 ('***when a party attaches a sealed***
8                  ***discovery document to a nondispositive motion, the usual***
9                  ***presumption of the public's right of access is rebutted***').
10                 Nondispositive motions "are often 'unrelated, or only tangentially
11                 related, to the underlying cause of action,' " and, as a result, the
12                 public's interest in accessing dispositive materials does "not apply
13                 with equal force" to non-dispositive materials. [citation] *Pintos v.*
14                 *Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678,
15                 emphasis added.

16         Plaintiffs have shown good cause to file the Exhibits under seal.  The need to file
17  the documents under seal stems from: (1) the confidential nature of the attached
18  documents that have been produced in discovery and designated as confidential
19  pursuant to a protective order entered by the court; and (2) the protective order entered
20  by the court ordering the deposition transcripts to be treated as highly confidential by
21  the parties.

22         Plaintiffs keep their business strategy, trade secret and other proprietary
23  technical and commercial information strictly confidential and do not permit anyone
24  outside of the company access to this information nor do they distribute this
25  information outside of the company.

26         The snack food industry is extremely competitive.  Disclosure of the parties'
27  highly confidential business strategy, valuable trade secrets and other proprietary
28  information regarding their machinery and processes for making their snack foods

**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**

1    would allow competitors to use or otherwise manipulate this information to obtain a

2    competitive advantage.    Allowing competitors access to such information risks

3    significant and irreparable competitive harm to Plaintiffs.

4        Allowing these materials to be filed in the public record could result in the

5    improper use of the material for infringement of valuable trade secrets, resulting in

6    great harm.    This risk of harm that could result from disclosure of these materials is

7    good cause that outweighs any public interest in disclosure and justifies Plaintiffs'

8    request to file these documents under seal.

9        Plaintiffs have effectively balanced the countervailing interests of public access

10    to court records and the protection of highly confidential, proprietary information by

11    requesting that only the portions of the papers cited above be filed under seal including

12    only the documents labeled as confidential and any portions of other documents that

13    make reference to the contents of those documents.

14

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**

**CONCLUSION**

For the aforementioned reasons, Plaintiffs respectfully request that the Court grant their Application For An Order To File Under Seal Certain Exhibits to the Declaration of Dawn M. David Re: Plaintiffs' Markman Reply Brief for US Patent No. 6,393,974.

Dated:  October 31, 2014                MORRIS POLICH & PURDY LLP


By:   /s/ Raina L. Richter
      Gerald P. Schneeweis
      Donald L. Ridge
      Raina L. Richter

Philip Jones (Admitted *pro hac vice*)
Andrew J. Avsec (Admitted *pro hac vice*)
Dawn M. Davis (Admitted *pro hac vice*)
Robert S. Mallin (Admitted *pro hac vice*)
BRINKS GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Phone: (312) 321-4200
Fax:     (312) 321-4299
Email:  pjones@brinksgilson.com
Email:  aavsec@brinksgilson.com

*Attorneys for Plaintiffs GRUPO BIMBO*
*S.A.B. DE C.V.; and BARCEL USA, LLC*

**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**