1  BRINKS GILSON & LIONE  **ORIGINAL**
   Philip A. Jones (Pro hac Vice) (pjones@brinksgilson.com)
2  Andrew J. Avsec (Pro hac Vice) (aavsec@brinksgilson.com)
3  Dawn M. Davis (Pro hac Vice) (ddavis@brinksgilson.com)
   Robert S. Mallin (Pro hac Vice) (rmallin@brinksgilson.com)
4  NBC Tower – Suite 3600
5  455 N. Cityfront Plaza Drive
   Chicago, Illinois 60611
6  Tel: (312) 321-4200
7  Fax: (312) 321-4299

8  MORRIS POLICH & PURDY LLP
9  Gerald P. Schneeweis (gschneeweis@mpplaw.com)
   600 West Broadway, Suite 500
10 San Diego, California 92101
11 Tel: (619) 557-0404
   Fax: (619) 557-0460
12
13 MORRIS POLICH & PURDY LLP
   Donald L. Ridge (dridge@mpplaw.com)
14 Raina L. Richter (rrichter@mpplaw.com)
15 1055 W. Seventh Street, 24th Floor
   Los Angeles, California 90017
16 Tel: (213) 891-9100
17 Fax: (213) 488-1178

18 Attorneys for Plaintiffs and Counterclaim Defendants
   GRUPO BIMBO, S.A. B. DE C.V. and BARCEL USA, LLC
19
                  **UNITED STATES DISTRICT COURT**
20
                  **CENTRAL DISTRICT OF CALIFORNIA**
21

| | |
|---|---|
| GRUPO BIMBO, S. A. B. DE C.V.; and BARCEL USA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST<br><br>Defendants. | CASE NO. 13-CV-02147-AB (VBKx)<br><br>**JOINT APPLICATION OF PLAINTIFFS GRUPO BIMBO S.A.B. DE C.V. AND BARCEL USA, LLC AND DEFENDANTS SNAK-KING CORP. AND THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE TRUST FOR ORDER TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1** |

L0552684;1                              1
**JOINT APPLICATION TO FILE DOCUMENTS UNDER SEAL**

|  |  |
|---|---|
| SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST,<br><br>Counterclaim-Plaintiffs,<br><br>vs.<br><br>GRUPO BIMBO, S.A.B. DE C.V.; and BARCEL USA, LLC,<br><br>Counterclaim-Defendants. | Hearing Date: December 9, 2014<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 590<br><br>Discovery Cut-Off: October 31, 2014<br>Pre-Trial Conf: June 8, 2015<br>Trial: June 30, 2015<br><br>Action Filed: March 25, 2013 |

## APPLICATION

Pursuant to Local Rule 79-5.1, plaintiffs GRUPO BIMBO S.A.B. DE C.V. and BARCEL USA, LLC and defendants Snak-King Corp. and The Trustee of the Levin Family 2010 Irrevocable Trust (collectively, "the Parties") hereby apply to this Court for an order granting the Parties' application to file under seal Exhibits to the Declarations of Sean Sullivan and Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents ("Exhibits"). These Exhibits were produced by the parties in litigation and designated as "Confidential", "Highly Confidential" and/or "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by this court. Therefore, pursuant to *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, the public interest in these documents is presumptively outweighed by the risk of harm from disclosure. The specific Exhibits that the Parties are seeking an order to file under seal are as follows:

1. **Exhibit 1 to the Declaration of Sean Sullivan Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents ;**

2. **Exhibit 2 to the Declaration of Sean Sullivan Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;**

3. Exhibit 3 to the Declaration of Sean Sullivan Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

4. Exhibit 4 to the Declaration of Sean Sullivan Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

5. Exhibit 7 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

6. Exhibit 8 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

7. Exhibit 9 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

8. Exhibit 10 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

9. Exhibit 11 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents;

10. Exhibit 12 to the Declaration of Jennifer Theis Re: Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents.

This patent, trademark and trade dress infringement lawsuit involves highly sensitive and confidential trade secret and other commercial information that has been designated as "Confidential," "Highly Confidential," and/or "Highly Confidential – Outside Counsel Only." Good cause exists to grant this Application because Exhibits

2, 3, 4 to the Sullivan Declaration and 7, 8 and 9 to the Theis Declaration contain information which defendants Snak-King Corp. and The Trustee of the Levin Family 2010 Irrevocable Trust ("Defendants") claim is highly confidential and was labeled as "Highly Confidential – Outside Counsel Only" by Defendants when produced in discovery. Additionally, Exhibit 1 to the Sullivan Declaration and Exhibits 10-12 to the Theis Declaration include discussions between counsel regarding the confidential nature of documents labeled as confidential by plaintiffs GRUPO BIMBO S.A.B. DE C.V. and BARCEL USA, LLC pursuant to the protective order ("Plaintiffs"). This application seeks to protect those documents from public disclosure pursuant to the protective order entered in this matter.

In addition, this Court has granted numerous other Applications to File Under Seal in this case, both by Plaintiffs and Defendants. (Doc. Nos. 60, 72, 78 and 86, 94, 112, 113, 114, 123, 159, 172, 176, 185, 257, 262 and 292.) For the aforementioned reasons, the Parties request that this Court grant their Application to file certain Exhibits under seal.

## ARGUMENT

The Parties have filed, conditionally under seal, Exhibits to the Declarations of Sean Sullivan and Jennifer Theis Re: their Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents ("Exhibits"). These Exhibits necessarily contain highly confidential and proprietary business strategy, trade secret, technical and commercial information about the machinery and processes used to manufacture the Parties' respective snack food products. The Parties believe that disclosure of such confidential and valuable information could seriously impair and injure the Parties' competitive posture in a highly competitive industry. The Parties' competitors could use or otherwise manipulate the confidential and proprietary information to obtain a competitive advantage.

In the Ninth Circuit, while there is a presumption of access to court records, that

presumption can be overcome by important countervailing interests. *San Jose Mercury News v. U.S. Dist. Ct.* (9th Cir. 1999) 187 F.3d 1096, 1102. "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understand the judicial process and whether disclosure of the material could result in improper use...or infringement upon trade secrets." *Phillips v. Gen. Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1213. Information need not rise to the level of a trade secret to be subject to seal. *See* Fed. R. Civ. P. 26(c)(1)(G), permitting protection of "trade secret" and other "confidential research, development, or commercial information."

Two standards apply when courts are asked to balance the public's right of access to materials filed in court proceedings and a party's right to limit disclosure of confidential information, depending on whether the documents to be sealed relate to non-dispositive or dispositive proceedings. For nondispositive proceedings, such as the joint statement at issue here, the relevant standard for a sealing order is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678 citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.* (9th Cir.2002) 307 F.3d 1206, 1213.

The Pintos court continued and held that:

> 'good cause' is... the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. 307 F.3d at 1213 ('***when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted***'). Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,' " and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. [citation] *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678,

emphasis added.

The Parties have shown good cause to file the Exhibits under seal. The need to file the documents under seal stems from the confidential nature of the attached documents that have been produced in discovery and designated as "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by the court.

The Parties keep their business strategy, trade secret and other proprietary technical and commercial information strictly confidential and do not permit anyone outside of the company access to this information nor do they distribute this information outside of the company.

The snack food industry is extremely competitive. Disclosure of the Parties' highly confidential business strategy, valuable trade secrets and other proprietary information regarding their machinery and processes for making their snack foods would allow competitors to use or otherwise manipulate this information to obtain a competitive advantage. Allowing competitors access to such information risks significant and irreparable competitive harm to the Parties.

Allowing these materials to be filed in the public record could result in the improper use of the material for infringement of valuable trade secrets, resulting in great harm. This risk of harm that could result from disclosure of these materials is good cause that outweighs any public interest in disclosure and justifies the Parties' request to file these documents under seal.

The Parties have effectively balanced the countervailing interests of public access to court records and the protection of highly confidential, proprietary information by requesting that only the specific exhibits cited above be filed under seal including only the documents labeled as "Highly Confidential – Outside Counsel Only" and any portions of other documents that make reference to the contents of those documents.

## CONCLUSION

For the aforementioned reasons, the Parties respectfully request that the Court grant their Application For An Order To File Under Seal Certain Exhibits to the Declarations of Sean Sullivan and Jennifer Theis Re: their Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Unredacted Documents.

Dated: November 12, 2014               MORRIS POLICH & PURDY LLP


                                       By:  /s/ Raina L. Richter
                                           Gerald P. Schneeweis
                                           Donald L. Ridge
                                           Raina L. Richter

                                       Philip Jones (Admitted *pro hac vice*)
                                       Andrew J. Avsec (Admitted *pro hac vice*)
                                       Dawn M. Davis (Admitted *pro hac vice*)
                                       Robert S. Mallin (Admitted *pro hac vice*)
                                       BRINKS GILSON & LIONE
                                       NBC Tower - Suite 3600
                                       455 N. Cityfront Plaza Drive
                                       Chicago, Illinois 60611
                                       Phone: (312) 321-4200
                                       Fax:    (312) 321-4299
                                       Email: pjones@brinksgilson.com
                                       Email: aavsec@brinksgilson.com

                                       *Attorneys for Plaintiffs GRUPO BIMBO S.A.B. DE C.V.; and BARCEL USA, LLC*

| | |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | |
| 3 | By:  /s/ Sean M. Sullivan |
| | Sean M. Sullivan |
| 4 | Stuart R. Dunwoody (Admitted *pro hac vice*) |
| 5 | Cindy L. Caditz (Admitted *pro hac vice*) |
| 6 | Matthew E. Moersfelder (Admitted *pro hac vice*) |
| 7 | Benjamin J. Byer (Admitted *pro hac vice*) |

KLARQUIST SPARKMAN, LLP
SCOTT E. DAVIS (Admitted *pro hac vice*)
N. ANDREW SFEIR (Admitted *pro hac vice*)
JOHN D. VANDENBERG (Admitted *pro hac vice*)
JOHN C. CARRAWAY (Admitted *pro hac vice*)

Attorneys for Defendants and Counterclaim-Plaintiffs SNAK-KING CORP. and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST