BRINKS GILSON & LIONE
Philip A. Jones (Pro hac Vice) (pjones@brinksgilson.com)
Andrew J. Avsec (Pro hac Vice) (aavsec@brinksgilson.com)
Dawn M. Davis (Pro hac Vice) (ddavis@brinksgilson.com)
Robert S. Mallin (Pro hac Vice) (rmallin@brinksgilson.com)
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Tel: (312) 321-4200
Fax: (312) 321-4299

MORRIS POLICH & PURDY LLP
Gerald P. Schneeweis (gschneeweis@mpplaw.com)
600 West Broadway, Suite 500
San Diego, California 92101
Tel: (619) 557-0404
Fax: (619) 557-0460

MORRIS POLICH & PURDY LLP
Donald L. Ridge (dridge@mpplaw.com)
Raina L. Richter (rrichter@mpplaw.com)
1055 W. Seventh Street, 24th Floor
Los Angeles, California 90017
Tel: (213) 891-9100
Fax: (213) 488-1178

Attorneys for Plaintiffs and Counterclaim Defendants
GRUPO BIMBO, S.A. B. DE C.V. and BARCEL USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRUPO BIMBO, S. A. B. DE C.V.; and BARCEL USA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST<br><br>Defendants. | CASE NO. 13-CV-02147-AB (VBKx)<br><br>**JOINT APPLICATION OF PLAINTIFFS GRUPO BIMBO S.A.B. DE C.V. AND BARCEL USA, LLC AND DEFENDANTS SNAK-KING CORP. AND THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE TRUST FOR ORDER TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1** |

L0557915;1    L0557872;1    1

**JOINT APPLICATION TO FILE DOCUMENTS UNDER SEAL**

| | |
|---|---|
| SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST, <br><br> Counterclaim-Plaintiffs, <br><br> vs. <br><br> GRUPO BIMBO, S.A.B. DE C.V.; and BARCEL USA, LLC, <br><br> Counterclaim-Defendants. | Hearing Date: December 30, 2014 <br> Hearing Time: 10:00 a.m. <br> Location: Courtroom 590 <br><br> Discovery Cut-Off Re: Privilege Log Issues: December 31, 2014 <br> Pre-Trial Conf: June 8, 2015 <br> Trial: June 30, 2015 <br><br> Action Filed: March 25, 2013 |

## APPLICATION

Pursuant to Local Rule 79-5.1, plaintiffs GRUPO BIMBO S.A.B. DE C.V. and BARCEL USA, LLC and defendants Snak-King Corp. and The Trustee of the Levin Family 2010 Irrevocable Trust (collectively, "the Parties") hereby apply to this Court for an order granting the Parties' application to file under seal the declarations of Jennifer Theis, Cindy L. Caditz and Sean M. Sullivan Re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents ("Declarations") and the accompanying exhibits to those declarations ("Exhibits"). The Exhibits largely consist of documents produced by the parties in litigation and designated as "Confidential", "Highly Confidential" and/or "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by this Court or reference documents that defendants Snak-King Corp. and The Trustee of the Levin Family 2010 Irrevocable Trust ("Defendants") designated as "Confidential", "Highly Confidential" and/or "Highly Confidential – Outside Counsel Only" pursuant to the protective order. Additionally, the Declarations reference and discuss the confidential portions of those Exhibits. Therefore, pursuant to *Pintos v. Pacific Creditors Ass'n* 605 F.3d 665 (9th Cir. 2010), the public interest in these documents is presumptively outweighed by the risk of harm from disclosure. The specific Exhibits that have been designated as "Confidential", "Highly Confidential" and/or "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by this Court or reference documents that

L0557915;1 L0557872;1 2

JOINT APPLICATION TO FILE DOCUMENTS UNDER SEAL

Defendants claim are privileged or confidential pursuant to the protective order are as follows:

1. Exhibits 2-6 to the Declaration of Jennifer Theis Re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents; and

2. Exhibits 10-11 to the Declaration of Sean Sullivan Re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents.

As a matter of ease of reference and in light of the fact that the declarations themselves reference the contents of the above Exhibits, the Parties have filed the entirety of the Declarations and Exhibits conditionally under seal.

This patent, trademark and trade dress infringement lawsuit involves highly sensitive and confidential trade secret and other commercial information that has been designated as "Confidential," "Highly Confidential," and/or "Highly Confidential – Outside Counsel Only." Good cause exists to grant this Application because the Exhibits identified above contain information which Defendants claim is highly confidential and was labeled as "Highly Confidential – Outside Counsel Only" by Defendants when produced in discovery or reference documents that Defendants claim are privileged or confidential pursuant to the protective order. This application seeks to protect those documents from public disclosure pursuant to the protective order entered in this matter.

In addition, this Court has granted numerous other Applications to File Under Seal in this case, both by Plaintiffs and Defendants. (Doc. Nos. 60, 72, 78 and 86, 94, 112, 113, 114, 123, 159, 172, 176, 185, 257, 262, 292 and 299.) For the aforementioned reasons, the Parties request that this Court grant their Application to file the Declarations under seal.

## ARGUMENT

The Parties have filed, conditionally under seal, declarations of Jennifer Theis,

Cindy L. Caditz and Sean M. Sullivan Re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents ("Declarations") and certain of the accompanying exhibits ("Exhibits"). These Declarations and some of the Exhibits attached necessarily contain highly confidential and proprietary business strategy, trade secret, technical and commercial information about Defendants' customers and potential customers. Defendants believe that disclosure of such confidential and valuable information could seriously impair and injure the Defendants' competitive posture in a highly competitive industry. Defendants' competitors could use or otherwise manipulate the confidential and proprietary information to obtain a competitive advantage.

In the Ninth Circuit, while there is a presumption of access to court records, that presumption can be overcome by important countervailing interests. *San Jose Mercury News v. U.S. Dist. Ct.* (9th Cir. 1999) 187 F.3d 1096, 1102. "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understand the judicial process and whether disclosure of the material could result in improper use…or infringement upon trade secrets." *Phillips v. Gen. Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1213. Information need not rise to the level of a trade secret to be subject to seal. *See* Fed. R. Civ. P. 26(c)(1)(G), permitting protection of "trade secret" and other "confidential research, development, or commercial information."

Two standards apply when courts are asked to balance the public's right of access to materials filed in court proceedings and a party's right to limit disclosure of confidential information, depending on whether the documents to be sealed relate to non-dispositive or dispositive proceedings. For nondispositive proceedings, such as the joint statement at issue here, the relevant standard for a sealing order is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678 citing *Phillips ex rel. Estates*

of *Byrd v. Gen. Motors Corp.* (9th Cir.2002) 307 F.3d 1206, 1213.

The Pintos court continued and held that:

'good cause' is… the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. 307 F.3d at 1213 ('***when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted***'). Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,' " and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. [citation] *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 678, emphasis added.

The Parties have shown good cause to file the Declarations and Exhibits under seal. The need to file the documents under seal stems from the confidential nature of the attached documents that have been produced in discovery and designated as "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by the court.

Defendants maintain that they keep their business strategy, trade secret lists of customers and potential customers and other proprietary technical and commercial information strictly confidential and do not permit anyone outside of the company access to this information nor do they distribute this information outside of the company.

The snack food industry is extremely competitive. Disclosure of Defendants' claimed highly confidential business strategy, valuable trade secrets and other proprietary information regarding their potential customers and customers and the products they may provide to them would allow competitors to use or otherwise

manipulate this information to obtain a competitive advantage. Defendants contend that allowing competitors access to such information risks significant and irreparable competitive harm to the Defendants.

Allowing these materials to be filed in the public record could result in the improper use of the material for infringement of valuable trade secrets, resulting in great harm. This risk of harm that could result from disclosure of these materials is good cause that outweighs any public interest in disclosure and justifies the Parties' request to file these documents under seal.

The Parties have effectively balanced the countervailing interests of public access to court records and the protection of highly confidential, proprietary information by requesting that only the specific exhibits cited above be filed under seal including only the documents labeled as "Highly Confidential – Outside Counsel Only" and any portions of other documents that make reference to the contents of those documents.

## CONCLUSION

For the aforementioned reasons, the Parties respectfully request that the Court grant their Application For An Order To File Under Seal the declarations of Jennifer Theis, Cindy L. Caditz and Sean M. Sullivan Re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents ("Declarations") and accompanying exhibits ("Exhibits").

Dated: December 9, 2014          MORRIS POLICH & PURDY LLP

                                 By: /s/ Raina L. Richter
                                     Gerald P. Schneeweis
                                     Donald L. Ridge
                                     Raina L. Richter

L0557915;1                       L0557872;1                                   6

Philip Jones (Admitted *pro hac vice*)
Andrew J. Avsec (Admitted *pro hac vice*)
Dawn M. Davis (Admitted *pro hac vice*)
Robert S. Mallin (Admitted *pro hac vice*)
BRINKS GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Phone: (312) 321-4200
Fax: (312) 321-4299
Email: pjones@brinksgilson.com
Email: aavsec@brinksgilson.com

*Attorneys for Plaintiffs GRUPO BIMBO S.A.B. DE C.V.; and BARCEL USA, LLC*

DAVIS WRIGHT TREMAINE LLP

By: /s/ Sean M. Sullivan
    Sean M. Sullivan
    Stuart R. Dunwoody (Admitted *pro hac vice*)
    Cindy L. Caditz (Admitted *pro hac vice*)
    Matthew E. Moersfelder (Admitted *pro hac vice*)

KLARQUIST SPARKMAN, LLP
SCOTT E. DAVIS (Admitted *pro hac vice*)
N. ANDREW SFEIR (Admitted *pro hac vice*)
JOHN D. VANDENBERG (Admitted *pro hac vice*)
JOHN C. CARRAWAY (Admitted *pro hac vice*)

Attorneys for Defendants and Counterclaim-Plaintiffs SNAK-KING CORP. and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST

L0557915;1     L0557872;1     7