

DAVIS WRIGHT TREMAINE LLP
Sean M. Sullivan (229104) (seansullivan@dwt.com)
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Tel: (213) 633-6800 Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
Cindy L. Caditz (*Pro Hac Vice*) (cindycaditz@dwt.com)
Stuart R. Dunwoody (*Pro Hac Vice*) (stuartdunwoody@dwt.com)
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel: (206) 622-3150 Fax: (206) 757-7700

KLARQUIST SPARKMAN LLP
J. Christopher Carraway (*Pro Hac Vice*) (chris.carraway@klarquist.com)
Scott E. Davis (211349) (scott.davis@klarquist.com)
N. Andrew Sfeir (282336) (andrew.sfeir@klarquist.com)
Todd M. Siegel (*Pro Hac Vice*) (todd.siegel@klarquist.com)
John D. Vandenberg (*Pro Hac Vice*) (john.vandenberg@klarquit.com)
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300 Fax: (503) 595-5301

Attorneys for Defendants and Counterclaim-Plaintiffs
SNAK-KING CORP. and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST

FILED
CLERK, U.S. DISTRICT COURT
DEC 18 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CENTRAL DIVISION

GRUPO BIMBO, S.A. B. DE C.V.; and BARCEL USA, LLC,

Plaintiffs,

vs.

SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST,

Defendants.

SNAK-KING CORP.; and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST,

Counterclaim-Plaintiffs,

vs.

GRUPO BIMBO, S.A. B. DE C.V.; and BARCEL USA, LLC,

Counterclaim-Defendants.

Case No. 2:13-cv-02147-AB-(VBKx)

Hon. André Birotte, Jr.

**JOINT APPLICATION OF PLAINTIFFS GRUPO BIMBO, S.A. B. DE C.V.; AND BARCEL USA, LLC, AND SNAK-KING CORP.; AND THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST FOR ORDER TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1**

Action Filed March 25, 2013

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT
DEC 18 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**APPLICATION**

Pursuant to Local Rule 79-5.1, plaintiffs GRUPO BIMBO S.A.B. DE C.V. and BARCEL USA, LLC and defendants Snak-King Corp. and The Trustee of the Levin Family 2010 Irrevocable Trust (collectively, "the Parties") hereby apply to this Court for an order granting the Parties' application to file under seal the Joint Stipulation Regarding Defendants' Motion to Compel Discovery Within Scope of Privilege Waiver ("Joint Stipulation") and supporting documents listed below.

Documents containing or referring to privileged or confidential pursuant to the protective order are as follows:

1. Joint Stipulation – The Joint Stipulation quotes and discusses information designated by Plaintiffs as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.
2. Joint Stipulation Ex. 1 - Declaration of Martha Landeros Cardenas and Exhibits. The exhibits have been designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY and are discussed in the Declaration.
3. Joint Stipulation Ex. 2 – Declaration of Noah A. Brumfield and Exhibit. The exhibit is designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY and is discussed in the Declaration.
4. Joint Stipulation Ex. 3 – Highlighted version of the document produced as GB-00151612 - GB-00151617, designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.
5. Joint Stipulation Ex. 4 – Declaration of John T. Gabrielides and attached Exhibits A, F, and G. Exhibit A contains documents designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY (p. 21-23). Exhibits F and G are correspondence referencing a

document designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.

6. Joint Stipulation Ex. 5 – Exhibit A contains reference to a document designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.
7. Davis Declaration and a substantial portion of the attached exhibits include information designated by Plaintiffs as CONFIDENITAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.

As a matter of ease of reference and in light of the fact that the declarations themselves reference the contents of the above Exhibits, the Parties have filed the entirety of the Joint Stipulation, Declarations and Exhibits conditionally under seal.

This patent, trademark and trade dress infringement lawsuit involves highly sensitive and confidential trade secret and other commercial information that has been designated as "Confidential," "Highly Confidential," and/or "Highly Confidential Outside Counsel Only." Good cause exists to grant this Application because the Exhibits and documents identified above contain information which Plaintiffs claim is highly confidential and was labeled as "Highly Confidential - Outside Counsel Only" by Plaintiffs when produced in discovery or reference documents that are privileged or confidential pursuant to the protective order. This application seeks to protect those documents from public disclosure pursuant to the protective order entered in this matter.

In addition, this Court has granted numerous other Applications to File Under Seal in this case, both by Plaintiffs and Defendants. (Doc. Nos. 60, 72, 78 and 86, 94, 112, 113, 114, 123, 159, 172, 176, 185, 257, 262, 292 and 299.) For the aforementioned reasons, the Parties request that this Court grant their Application to file the Declarations under seal.

## ARGUMENT

The Parties have filed (or will file shortly), conditionally under seal, the Joint Stipulation and supporting Declarations and Exhibits. The Joint Stipulation, Declarations and some of the Exhibits attached necessarily contain information designated by Plaintiffs as highly confidential and proprietary business strategy, trade secret, technical, or other commercial information about Plaintiffs' business affairs. Plaintiffs believe that disclosure of such confidential and valuable information could seriously impair and injure the Plaintiffs or their confidential business relationships.

In the Ninth Circuit, while there is a presumption of access to court records, that presumption can be overcome by important countervailing interests. *San Jose Mercury News v. US. Dist. Ct.* (9th .Cir. 1999) 187 F.3d 1096, 1102. "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understand the judicial process and whether disclosure of the material could result in improper use ... or infringement upon trade secrets." *Phillips v. Gen. Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1213. Information need not rise to the level of a trade secret to be subject to seal. See Fed. R. Civ. P. 26(c)(l)(G), permitting protection of "trade secret" and other "confidential research, development, or commercial information."

Two standards apply when courts are asked to balance the public's right of access to materials filed in court proceedings and a party's right to limit disclosure of confidential information, depending on whether the documents to be sealed relate to non-dispositive or dispositive proceedings. For nondispositive proceedings, such as the Joint Stipulation at issue here, the relevant standard for a sealing order is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665,

678 citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1213.

The *Pintos* court continued and held that:

> 'good cause' is. . . the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. 307 F.3d at 1213 ***('when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted'').*** Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,'" and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. [citation]

*Pintos v Pacific Creditors Ass'n*, (9th Cir. 2010) 605 F.3d 665, 678, (emphasis added).

The Parties have shown good cause to file the Declarations and Exhibits under seal. The need to file the documents under seal stems from the confidential nature of the attached documents that have been produced in discovery and designated as "Highly Confidential – Outside Counsel Only" pursuant to a protective order entered by the Court.

The Plaintiffs have effectively balanced the countervailing interests of public access to court records and the protection of highly confidential, proprietary information by requesting that the specific exhibits cited above be filed under seal including only the documents labeled as "Highly Confidential – Outside Counsel Only" and any portions of other documents that make reference to the contents of those documents.

**CONCLUSION**

For the aforementioned reasons, the Parties respectfully request that the Court grant their Application for an Order to File under Seal the Joint Stipulation Regarding Defendants' Motion to Compel Discovery Within Scope of Privilege

Waiver and the attached Exhibits as well as the Declaration of Scott E. Davis and attached Exhibits.

Dated: December 17, 2014

Respectfully submitted,

KLARQUIST SPARKMAN, LLP

By: *_/s/Scott E. Davis_*

J. Christopher Carraway (*Pro Hac Vice*)
chris.carraway@klarquist.com
Scott E. Davis (CA Bar No. 211349)
scott.davis@klarquist.com
N. Andrew Sfeir (CA Bar No. 282336)
andy.sfeir@klarquist.com
John D. Vandenberg (*Pro Hac Vice*)
john.vandenberg@klarquit.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Attorneys for Defendants and Counterclaim-Plaintiffs
SNAK-KING CORP. and THE TRUSTEE OF THE LEVIN FAMILY 2010 IRREVOCABLE GIFT TRUST

BRINKS GILSON & LIONE

By: *_/s/Dawn M. David_*

Philip A. Jones (*Pro Hac Vice*)
pjones@brinksgilson.com
Andrew J. Avsec (*Pro Hac Vice*)
aavsec@brinksgilson.com
Dawn M. David (*Pro Hac Vice*)
ddavid@brinksgilson.com
Robert S. Mallin (*Pro Hac Vice*)

rmallin@brinksgilson.com
NBC Tower—Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

MORRIS POLICH & PURDY LLP

Gerald P. Schneeweis
Donald L. Ridge
Raina L. Richter

Attorneys for Plaintiffs and
Counterclaim-Defendants
GRUPO BIMBO, S.A. B. DE C.V.; and
BARCEL USA, LLC