UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02147-ABC (VBKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Grupo Bimbo S A B de C V, et al. v. Snak-King Corp., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**Proceedings:**   **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Both counsel have submitted on the Tentative Decision. Consequently, the motion hearing is **VACATED**.

The Court has read and reviewed the following documents: "Plaintiffs' Notice of Motion to Compel Defendants' Production of Documents; "Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants' Production of Documents ["JS"]; "[Proposed] Order Granting Plaintiffs' Motion to Compel Defendants' Production of Documents; "Joint Application of Plaintiffs Grupo Bimbo S.A.B. de C.V. and Barcel USA, LLC and Defendants Snak-King Corp,. and the Trustee of the Levin Family 2010 Irrevocable Trust for Order to File Documents Under Seal Pursuant to Local Rule 79-5.1; "Order Granting Joint Application of Plaintiffs Grupo Bimbo S.A.B. de C.V. and Barcel USA, LLC and Defendants Snak-King Corp,. and the Trustee of the Levin Family 2010 Irrevocable Trust for Order to File Documents Under Seal Pursuant to Local Rule 79-5.1;" "Declaration of Sean M. Sullivan re Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents; "Declaration of Jennifer Theis re: Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents;" and "Declaration of Cindy L. Caditz re Joint Stipulation on Plaintiffs' Motion to Compel Defendants' Production of Documents."

**DISCUSSION**

Plaintiffs ask the Court to require Defendants to produce two documents (collectively referred as the "Mission Documents"), which have been withheld in discovery, and are identified in a privilege log, most recently amended by Defendants on December 3, 2014, following a series of meetings and negotiations between the parties. (See Exhibit ["Ex."] 10 to Declaration of Sean M. Sullivan ["Sullivan Decl."]). The documents are identified as follows:

   DWT000343 and  IT085843.

As to both withheld documents, the privilege claims are identified as "common interest/joint defense; attorney-client; attorney work product," and the document description is identical: "meeting agenda

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02147-ABC (VBKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Grupo Bimbo S A B de C V, et al. v. Snak-King Corp., et al. | | |

outlining negotiations with potential customer regarding Grupo Bimbo trademark issues."

Despite the specific reference in the document descriptions to negotiations as to "trademark issues," Plaintiffs insist that Defendants and Mission Foods do not have a common legal interest, but "were merely engaged in discussions to further their business relationship, ..." (JS at 4.)

All of the facts presented to the Court militate against Plaintiffs' position.

The first set of facts are contained in the Declaration of Cindy L. Caditz ("Caditz Decl.") at ¶¶ 2 through 14. The Caditz Decl. sets out the chronology of events which led to the production of these documents. In February 2012, counsel for Plaintiffs sent cease desist letters to Wal-Mart (see Id., Ex. 1), and to 7-11 (Id., Ex. 2). Each of the recipients were customers of Defendants.

Following the issuance of the cease and desist letters, Defendants' counsel contacted Plaintiffs' counsel regarding the trademark infringement claimed in the cease and desist letters. Various negotiations between the parties followed, but were unsuccessful. At that time, Mission Foods and Snak-King were "engaged in discussion of a potential supply agreement." (Caditz Decl., ¶ 11.) The declaration continues by stating that, "the possibility of claims by Bimbo arising out of the sale of rolled tortilla chips manufactured by Snak-King was a factor considered and discussed by Snak-King and Mission Foods." (Id.)

Thereafter, Ms. Caditz received a memorandum prepared by Mission Foods "discussing potential legal issues and risks raised by the manufacturer of rolled tortilla chips by Snak-King for Mission Foods." (Id., ¶ 11.) The next day, Ms. Caditz participated in a meeting "with legal counsel from Mission Foods, management of Mission Foods, and my client, Snak-King." (Id., ¶ 13.) The Caditz Decl. continues, "The meeting of August 16, 2012 was to discuss the risk of litigation created by manufacture of rolled tortilla chips by Snak-King for Mission Foods and the related issues identified by the memorandum prepared by Mission Foods." (Id., ¶ 14.)

With regard to the two withheld documents, Plaintiffs' counsel complained during meet and confer efforts that the identification provided in the privilege log was insufficient. This led to the amended privilege log of December 3, 2014, referenced above. (See Sullivan Decl. at ¶ 5.)

Considering these clear facts, Plaintiffs' contention that the documents being withheld are commercial in nature and not protectable (see JS at 10, et seq.) hangs on a thin thread, at best. Plaintiffs point to the fact that no formal business relationship relating to rolled tortilla chips was ever established between the two parties involved. (Id.) Plaintiffs also state that Mission Foods was never under a threat of litigation. (Id,.at 11-12.)

The case law does not support Plaintiffs' position. The issue is not even close. The Court is more than satisfied that the documents at issue are not commercial or business documents, but pertain to potential legal issues and risks concerning a proposal that Snak-King would manufacture rolled tortilla chips for Mission Foods. As the chronology has been established by the various declarations noted above, the communications

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02147-ABC (VBKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Grupo Bimbo S A B de C V, et al. v. Snak-King Corp., et al. | | |

and documents were produced in preparation for a meeting which was attended by legal counsel and concerned potential legal exposure of both parties. The fact that Mission Foods did not receive a cease and desist letter is in no manner determinative of the issue. The parties reasonably anticipated a threat of legal action, because cease and desist letters had been sent to both Wal-Mart and 7-11 prior to these discussions.

Finally, as the Court has noted, the cases which have been cited by Defendants are on point and support their position. The Court does find that the privilege log is sufficient, and if there was any question as to its sufficiency, the information and facts provided by Defendants to Plaintiffs during the meet and confer efforts should have quelled any doubts in Plaintiffs' counsels' minds that these are not commercial documents, but documents concerning a community of interest with respect to a common subject matter. There is no indication whatsoever that the documents deal with business terms of a possible contractual relationship. Even if the two issues were mixed (which they do not appear to be), Plaintiffs' position still would not carry the day. See United States v. Gonzalez, 669 F.3d 974, 979 (9th Cir. 2012); Nidec Corp v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007).

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | RH | |