UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2147 AB (VBKx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | Grupo Bimbo S. A. B. de C. V., et a.l v. Snak-king Corp., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**Proceedings:**    **TENTATIVE DECISION RE DEFENDANTS' MOTION TO COMPEL DISCOVERY WITHIN SCOPE OF PRIVILEGE WAIVER**

The Court has read and reviewed the following documents: Defendants' Notice of Motion to Compel Discovery Within Scope of Privilege Waiver; Joint Stipulation regarding Defendants' Motion to Compel Discovery Within Scope of Privilege Waiver (JS); Declaration of Scott Davis re Joint Stipulation regarding Defendants' Motion to Compel Discovery Within Scope of Privilege Waiver; Defendants' Supplemental Memorandum in Support of Motion to Compel Discovery Within Scope of Privilege Waiver; Plaintiffs' Grupo Supplemental Memorandum in Opposition to Defendants' Motion to Compel Discovery Within Scope of Privilege Waiver.

**Introduction**

For all its seeming complexity, the issue here is straightforward: is a legal memorandum ("Brumfield memo") prepared by Plaintiffs' antitrust counsel privileged, and, if so, did Plaintiffs waive the attorney-client privilege by producing it, in discovery? As a subsidiary question, if the document is privileged, what is the extent of the waiver, and to what extent is related discovery permissible?

Because the answer to the first question is "no,"(e.g., the document is not privileged) the Court need not address the subsidiary question.

**Analysis**

The Brumfield memo was prepared by Plaintiffs' antitrust counsel at the request of in-house counsel for Plaintiffs, for the specific purpose of providing it (in its final version) to a third party (PepsiCo) to address PepsiCo's concerns that a proposed license agreement between Plaintiffs and PepsiCo should be deemed lawful pursuant to U.S. antitrust laws. (See JS at 6-8). The declarations provided by Plaintiffs completely and unequivocally support that interpretation. Indeed, Plaintiffs specifically informed attorney Brumfield that his memo would ultimately be sent to Plaintiffs as a non-confidential communication, to be then shared with PepsiCo (See Brumfield Decl. at ¶ 7, 8; Landeros Decl. at ¶ 11, Ex. 1). Within two days of Ms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2147 AB (VBKx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | Grupo Bimbo S. A. B. de C. V., et a.l v. Snak-king Corp., et al. | | |

Landeros' (Plaintiffs' in-house counsel) receipt of the Brumfield memo, she delivered it to PepsiCo (Landeros Decl., ¶ 12).

Based on these facts, the Court can only conclude that the Brumfield memo is not an attorney-client privileged document or protected as work product. See In re McKesson HBOC, Inc. Secs. Litig. U.S. Dist. LEXIS 7098 INDCal, 2005.

Clearly, the memo was created with the intent that it would be shared with a third party; consequently, ab initio, it is not a privileged communication. Further, the facts clearly demonstrate that there was no intent by the client or its counsel that the communcation would be confidential. In fact, the exact opposite is true. See United States v. Miller 874 F2d 1255, 1271 (9th Cir, 1989).

There is no indication whatsoever that Plaintiffs are using the memo as both a sword and a shield. They have not put at issue any legal advice they received pursuant to this memo.

The above analysis ends the discussion and, as noted at the outset, the Court need not and will not undertake a superfluous and hypothetical analysis of the scope of any purported waiver, as there was no privilege, and therefore, no waiver.

The Court declines to address other issues which Defendants seem to believe come within the ambit of their Motion. The Motion focuses on the Brumfield Memo. That is what the parties have essentially briefed, not "other disclosures [by Plaintiffs] of legal advice to PepsiCo." (See, Defendant's Supplemental Memo at pp 1-2). Further, the Court declines to order production of any drafts of the Brumfield memo. In addition, the Court finds no waiver to be encompassed within the Landeros deposition testimony.

Finally, the Court orders that any designations of documents or information pursuant to the Protective Order must be consistent with this Order.

The Court's Tentative Decision, therefore, is to **DENY** Defendants' Motion.

This Tentative Decision is provided for the assistance of counsel in preparation for the hearing in this matter.  It may not be cited in this or any other case for any purpose.  No further briefing may be filed. If both counsel wish to submit on this Tentative Decision, they should notify the Court Clerk.  The matter will be taken off-calendar, and a final decision will be issued consistent with this Tentative Decision.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| Initials of Preparer | RH |